**FILED**

**MAY 1 3 2009**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Lesane<br>2803 Tree View Way<br>Ft. Washington, MD 20744<br><br>Clifford T. Blye<br>14504 Livingston Rd.<br>Accokeek, MD 20607<br><br>David Cooper<br>8810 Canberra Dr.<br>Clinton, MD 20735<br><br>Shawnita Conerly<br>P. O. Box 471655<br>District Heights, MD 20753<br><br>Salvatore Grundy<br>5404 Claymont Dr. #171<br>Alexander, VA 22309<br><br>Debra Hilliard<br>11251 Wildmeadows St.<br>Waldorf, MD 20601<br><br>Alan King<br>10612 Vista Grande Dr.<br>Bowie, MD 29735<br><br>Gary Lindsay<br>7810 Kirby Ct.<br>Lusby, MD 20657<br><br>Jamil Pittman<br>7200 Jaywick Ave. #517 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case: 1:09-cv-00891<br>)   Assigned To : Bates, John D.<br>)   Assign. Date : 5/13/2009<br>)   Description: Labor-ERISA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JURY ACTION**

1

| | |
|---|---|
| Ft. Washington, MD 20744 )<br>)<br>Calvin Reid )<br>2334 Seton Way )<br>Forestville, MD 20747 )<br>)<br>Lorraine Sands )<br>4919 Jay St., N.E. #14 )<br>Washington, DC 20019 )<br>)<br>Byron Simms )<br>3267 Chester Grove )<br>Upper Marlboro, MD 20774 )<br>)<br>Carla Wade )<br>15716 Piller Lane )<br>Bowie, MD 20716 )<br>)<br>Catina Weaver )<br>2330 Goodhope Rd. S.E. #422 )<br>Washington, DC 20020 )<br>)<br>Lawrence Williams )<br>115 88th St. )<br>Seat Pleasant, MD 20743 )<br>         Plaintiffs )<br>)<br>    v. )`<br>)<br>Donald C. Winter )<br>Secretary of the Navy )<br>Department of the Navy )<br>Office of Naval Intelligence )<br>4251 Suitland Road )<br>Washington, DC 20395 )<br>         Defendant. )<br>)<br>_____ ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO.<br>COMPLAINT-CLASS ACTION<br>AND COLLECTIVE ACTION<br><br><br><br><br><br><br>(DEMAND FOR JURY TRIAL) |

2

## COMPLAINT

NAMED PLAINTIFFS on behalf of themselves and others similarly situated who are or have been employed as sworn law enforcement officers at the Department of the Navy ("DON") for violating the Fair Labor Standards Act of 1938, as amended, ("FLSA").

## **PRELIMINARY STATEMENT**

1) Plaintiffs are civilian uniformed federal law enforcement officers who work to ensure the safety and security of all employees and visitors of the National Maritime Intelligence Center.

2) The plaintiffs pursue this action on behalf of themselves and as representatives of a class of current, former, and future ONI police officers who allege that they are required to work at the beginning and end of their shifts when they put on and take off their uniforms, safety equipment, and their weapons without being paid. As police officers, plaintiffs' work requires safety equipment, weapons and special uniforms without which their duties cannot be carried out. Thus, the work plaintiffs perform by donning and doffing their safety gear at the beginning and the end of their shift is an integral part of the plaintiffs' job and is necessary and indispensable. Defendant failed to compensate plaintiffs for this work in accordance with the Fair Labor Standards Act of 1938. Thus, defendant failed to fully compensate plaintiffs for all hours worked.

3) Plaintiffs are required to report to work up to 30 minutes early in order to perform work for which they are not compensated. This work involves putting on safety gear and retrieving, inspecting and loading weapons prior to reporting to the roll call room fully "geared up" and prepared to be assigned a post. Plaintiffs are also required to remain

3

on the premises the end of their shift without compensation. Plaintiffs remain on the premises at the end of their shift to remove safety gear and return the weapons.

4) The defendant willfully refuses to pay plaintiffs their complete published salaries by improperly calculating the locality adjustments as it appears on their Leave and Earnings Statements.

## JURISDICTION AND VENUE

5) Jurisdiction is vested in this Court by 28 U.S.C. §§ 1331, 1337, and the claim arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201 *et seq.* ("FLSA").

6) Venue is properly established in this court under 28 U.S.C. §1391.

## PARTIES

7) The plaintiffs are civilian uniformed federal law enforcement officers who work to ensure the safety and security of all employees and visitors of the National Maritime Intelligence Center.

8) The defendant is the Secretary, Department of the Navy.

## FACTUAL ALLEGATIONS

9) The plaintiffs are police officers who patrol and protect the National Maritime Intelligence Center. The plaintiffs work directly for defendant and are not exempt from wage and hour coverage. They work around the clock in three shifts of eight hours. The plaintiffs are permitted one 15-minutes unpaid break during the first four hours of their shift and one <u>unpaid</u> 30-minutes lunch break during the second four hours of their shift.

10) The plaintiffs are not permitted to take home their protective gear or their police uniforms or their guns. The plaintiffs must leave their gear, uniforms and guns at the work site.

11) Plaintiffs work three scheduled eight (8) hour work shifts during a 24 hour period. For the shift from 6:00 a.m. to 2:30 p.m., plaintiffs must arrive at work as early as 5:30 a.m. in order "to gear up" for the 6:00 a.m. roll call, where their posts are assigned. Plaintiffs are compensated only when they report to roll call fully geared up.

12) Upon arrival at work, plaintiffs proceed to the locker room to remove their civilian clothes and put on their police uniforms, their special protective gear (bullet-proof vests), garrison belts that include flashlight, gun holster, ammunition pouch, club and CPR mask. The officers then inspect their equipment. Plaintiffs must then proceed to the armory which is across the hall to obtain their weapons and ammunition. Officers assigned to inside posts received automatic pistol and officers assigned to outside posts receive shot guns. The officers inspect their equipment and load and inspect their weapons before reporting to the roll call room.

13) The plaintiffs spend time performing these activities at the beginning of the shift without being paid. At the end of the shift they perform these activities in reverse. They take off their uniforms and safety gear and return their equipment and weapons to the locker room and armory. They are not paid for the time spent performing these activities.

14) The defendant requires as a term of condition of employment a strict adherence to a dress and equipment code for the plaintiffs who must wear a prescribed uniform and a special protective gear. The plaintiffs are required to inspect the equipment and weapons to ensure that they are in good working order.

15) Defendant refuses to compensate plaintiffs for performing these pre- shift and post- shift activities which constitute an integral and indispensable part of the principal work performed for the benefit of defendant.

16) Defendant permitted plaintiffs-officers to work uncompensated straight-time and overtime hours by performing these pre-shift and post-shift activities.

17) Defendant knew or should have known that plaintiffs were working without overtime pay which the defendant is required to pay time and one half under the FLSA.

18) Defendant willfully refuses to pay plaintiffs their complete pay by improperly calculating their locality adjustments which the officers are entitled to.

19) Each named Plaintiff has submitted written consent to participate in this suit as required by 29 U.S.C. § 216 (b). See Plaintiffs' Exhibit A.

20) This federal cause of action is brought as a collective action pursuant to the requirements of FLSA, 29 § 216 (b). Under the local rules of this Court, plaintiffs will file for class certification of their claim as a collective action.

**Count I**
**Failure to Compensate Workers for Time Spent Donning and Doffing**
**Protective Gear and for Assembling Equipment Used**
**In the Performance of Official Work**
**In Violation of the Fair Labor and Standards Act of 1938, 29 U.S.C. § 201, et seq.**

21) The plaintiffs incorporate by reference each and every allegations set forth in the preceding paragraphs.

22) FLSA regulates the payment of all hours worked, including time spent preparing and concluding work shifts. 29 U.S.C. § 207 (a) (1). Defendant is not exempt from FLSA coverage.

23)   FLSA requires employers to pay non-exempt employees over time at time and one-half the employees' regular rate who work over 40 hours in a week. Plaintiffs regularly worked in excess of 40 hours per week in pre-and post-shift activities without pay.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs pray the Court to enter judgment in their favor and against the defendant as follows.

24)   Designation of the action as a collection action on behalf on the proposed class and give notice to similarly situated members.

25)   Designation of named Plaintiffs as representatives of the class.

26)   Injunctive relief enjoining the Department of the Navy from requiring employees to work by donning and doffing their uniforms, equipment and weapons without compensation.

27)   That this Court find that plaintiffs are representative of the class of present employees of the Department of the Navy and that the plaintiffs' cause of action for violations of the Fair Labor and Standards Act be certified as a class action within the meaning of Rule 23 of the Federal Rules of Civil Procedure.

28)   That this Court orders defendant to pay plaintiffs' attorneys' fees, costs and such other relief that this Court deems equitable and just.

29)   That this Court requires defendant to remedy its violation of FLSA by providing compensatory damages to plaintiffs and the class they represent in the amount to be determined by this Court.

**Count II**
**Fraudulent Failure to Pay Locality Salary Adjustment**

## In Violation of the
## Fair Labor and Standards Act of 1938, 29 U.S.C. § 201, et seq.

30)   The plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs.

31)   The defendant pay the plaintiffs salaries that are below their government published salaries as it appears on plaintiffs' official Earnings and Leave Statements. The plaintiffs do not receive their proper salary because defendant fails to calculate their salaries correctly.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs pray the Court to enter judgment in their favor and against the defendant as follows:

32)   Injunctive relief enjoining the Department of the Navy from requiring police officers to work at less than their published salaries.

33)   That this Court finds that plaintiffs are representative of the class of present and former employees of the Department of the Navy and that the plaintiffs' cause of action for violations of the Fair Labor and Standards Act be certified as a class action within the meaning of Rule 23 of the Federal Rules of Civil Procedure.

34)   That this Court orders defendant to pay plaintiffs' attorneys' fees, costs and such other relief that the Court deems equitable and just.

35)   That this Court requires defendant to remedy its violation of FLSA by providing compensatory damages and back pay to plaintiffs and the class they represent in an amount to be determined by the Court.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all claims so triable.

                                    Respectfully submitted,

                                    */s/ E. Ned Sloan*

                                    E. Ned Sloan
                                    D.C. Bar No. 455198
                                    SLOAN & ASSOCIATES, PLLC
                                    7600 Georgia Avenue, N.W.
                                    Suite 208
                                    Washington, DC 20012
                                    (202) 829-0886
                                    (202) 829-4249

                                    Counsel for Plaintiffs



EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**PURSUANT to 29 U.S.C. & 216 (b), Federal Labor Standards Act, the persons who signed below give their consent to participate in this lawsuit:**

_____
Anthony Lesane

_____
Clifford Blye

_____
David Cooper

_____
Shawnita Conerly

_____
Salvatore Gruny

_____
Deborah Hilliard

_____
Lawanda Beatty

_____
Alan King

_____
Jamil Pittman

_____
Calvin Reid

_____
Lorraine Sands

_____
Byron Simms

_____
Carla Wade

_____
Catina Weaver

_____
Lawrence Williams

_____
Gary Lindsay