**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **ANTHONY LESANE, <u>et al.</u>,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:09-cv-00891-JDB** |
| | ) | |
| **RAY MABUS,** | ) | |
| **Secretary of the Navy,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

## <u>DEFENDANT'S ANSWER TO THE AMENDED COMPLAINT</u>

Ray Mabus,[1] Secretary of the Department of the Navy ("Defendant"), by and through undersigned counsel, hereby answers Plaintiffs' Amended Complaint ("Amended Complaint") as follows:

The Amended Complaint contains an unnumbered, introductory paragraph which contains, in part, Plaintiffs' characterization of the instant action, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

## <u>PRELIMINARY STATEMENT</u>[2]

1.      Defendant admits.

---

[1]   Secretary Mabus is automatically substituted for former Secretary Donald C. Winter. See Fed. R. Civ. P. 25(d).

[2]   The headings in this Answer are included solely for ease of reference. Defendant does not respond to any allegations contained in the headings that appear in Plaintiffs' Amended Complaint. To the extent a response to those allegations is required, Defendant denies them.

2.      Defendant denies the allegations contained in this paragraph with the exception that Defendant admits that certain of Plaintiffs' duties require use of safety equipment and weapons.

3.      Defendant denies.

4.      Defendant denies.

## JURISDICTION AND VENUE

5.      This paragraph contains Plaintiffs' legal conclusions regarding subject-matter jurisdiction, to which no response is required.  To the extent that a response is required, Defendant avers that Plaintiffs purport to bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq., ("FLSA") and 28 U.S.C. §§ 1331 and 1337.

6.      This paragraph contains Plaintiffs' legal conclusions regarding venue, to which no response is required.  To the extent a response is required, Plaintiffs admit that venue is proper in this district.

## PARTIES

7.      Defendant admits.

8.      Defendant admits.

## FACTUAL ALLEGATIONS

9.      Defendant admits the first sentence of this paragraph and denies the remaining allegations.

10.      Defendant admits that Plaintiffs are not permitted to take their guns home. Defendant denies the remaining allegations in this paragraph.

11.      Defendant denies.

12.     Defendant admits that Plaintiffs obtain their weapons and ammunition from the armory.   Defendant lacks sufficient information to admit or deny the remaining allegation contained in this paragraph and so denies.

13.     Defendant denies the allegations contained in the first and last sentences of this paragraph.   Defendant lacks knowledge sufficient to admit or deny the allegations contained in the second and third sentences of this paragraph, and so denies.

14.     Defendant denies the first sentence of this paragraph.   The second sentence of this paragraph is vague; Defendant cannot fairly ascertain the intended meaning of the phrase "equipment and weapons" and so denies the allegations contained in the second sentence of this paragraph.

15.     Defendant denies.

16.     Defendant denies.

17.     Defendant denies.

18.     Defendant denies.

19.     Defendant lacks sufficient information to admit or deny the allegations made in this paragraph, and so denies.

20.     The first sentence of this paragraph contains Plaintiffs' legal conclusions regarding their cause of action, to which no response is required.   To the extent a response is required, Defendant avers that Plaintiffs purport to bring the instant action under Section 216(b) of the FLSA.   Defendant lacks sufficient knowledge to admit or deny the assertions made in the second sentence of this paragraph, and so denies.

## COUNT I

21.     Defendant incorporates by reference every response to the allegations set forth in the preceding paragraphs.

22.     Defendant admits that the FLSA governs payment of hours worked.  However, the phrase "including time spent preparing and concluding work shifts" is vague and so Defendant denies the allegation contained in that phrase.  Defendant further denies that the subsection cited by Plaintiffs, 29 U.S.C. § 207(a)(1), supports the allegations contained in the first sentence of this paragraph.  Defendant admits the allegation contained in the second sentence of this paragraph.

23.     Defendant admits the first sentence in this paragraph.  Defendant denies the second sentence in this paragraph.

## PRAYER FOR RELIEF

24.     This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant avers that the Plaintiffs currently named in the Amended Complaint may proceed under the FLSA's collective-action provisions and denies the allegations contained in the paragraph.

25.     This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant avers that the Plaintiffs currently named in the Amended Complaint may proceed under the FLSA's collective-action provisions and denies the allegations contained in the paragraph.

26.     This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant avers that the Plaintiffs currently named in the Amended Complaint may proceed under the FLSA's collective-action provisions and denies the allegations contained in the paragraph.

27.    This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant avers that the Plaintiffs currently named in the Amended Complaint may proceed under the FLSA's collective-action provisions and denies the allegations contained in the paragraph.

28.    This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies that Plaintiffs are entitled to any relief whatsoever.

29.    This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant avers that the Plaintiffs currently named in the Amended Complaint may proceed under the FLSA's collective-action provisions, denies the allegations contained in this paragraph, and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT II

30.    Defendant incorporates by reference every response to the allegations set forth in the preceding paragraphs.

31.    Defendant denies.

## PRAYER FOR RELIEF

32.    This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies that Plaintiffs are entitled to any relief whatsoever.

33.    This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant avers that the Plaintiffs currently

named in the Amended Complaint may proceed under the FLSA's collective-action provisions and denies the allegations contained in the paragraph.

34.     This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies that Plaintiffs are entitled to any relief whatsoever.

35.     This paragraph contains Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies that Plaintiffs are entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

36.     Defendant denies that Plaintiffs are entitled to a jury trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs do not satisfy the requirements of Federal Rule of Civil Procedure 23.

### Third Affirmative Defense

Plaintiffs' claims are, in whole or in part, barred by the applicable statute of limitations, 29 U.S.C. § 255(a).

### Fourth Affirmative Defense

Defendant reserves the right affirmatively to assert any other defense that constitutes an avoidance or affirmance under Federal Rule of Civil Procedure 8(c).

*******

Defendant denies every allegation contained in this Complaint not specifically admitted herein.

Respectfully Submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS, D.C. BAR #434122
Chief, Civil Division

BY:    /s/  David C. Rybicki
DAVID C. RYBICKI, D.C. BAR #976836
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-4024
(202) 514-8780 (fax)
David.Rybicki@usdoj.gov

Of Counsel:
TELIN W. OZIER
Senior Trial Counsel
Department of the Navy
Office of the General Counsel